UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-cr-0027-JRS-DML |
| | ) | |
| JONATHAN DOMANGUE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable

James R. Sweeney, directing the duty magistrate judge to conduct a hearing on the Petition for

Warrant or Summons for Offender Under Supervision ("Petition") filed on July 28, 2020, and to

submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§

3401(i) and 3583(e).  Proceedings were held on August 21, and December 30, 2020, in

accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On August 21, 2020, defendant Jonathan Domangue appeared in person with his

appointed counsel, Gwendolyn Beitz.  The government appeared by Lawrence Hilton, Assistant

United States Attorney.  The United States Probation Office ("USPO") appeared by Officer

Angela Smith, who participated in the proceedings.

---

[1]     All proceedings were recorded by suitable sound recording equipment unless otherwise
noted.  *See* 18 U.S.C. § 3401(e).

On December 30, 2020, defendant Jonathan Domangue appeared in person with his appointed counsel, Gwendolyn Beitz.  The government appeared by Brad Shepard, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Jason Nutter, who participated in the proceedings.

At the August 21, 2020 hearing, Mr. Domangue, by his counsel, moved for a mental examination under Title 18 U.S.C. §§ 4241(a) and 4247 on the basis that his counsel had reasonable cause to believe that Mr. Domangue may at that time have been suffering from a mental disease or defect, rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or assist properly in his defense.  The United States did not oppose that motion.

Based on the motion and the information presented at the hearing, the court found that there was reasonable cause to believe that Mr. Domangue was then suffering from a mental disease or defect, rendering him mentally incompetent to the extent he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

However, at that time a psychiatric and/or psychological examination of Mr. Domangue under Title 18, U.S.C. §§ 4241 and 4247, was not conducted and his counsel continued to communicate with him.  Counsel later came to the view that Mr. Domangue was no longer suffering from a mental disease or defect, rendering him mentally incompetent and that he was able to understand the nature and consequences of the proceedings against him and assist properly in his defense.

On December 22, 2020, Mr. Domangue, by counsel, filed a motion to withdraw his request for competency evaluation and for hearing.  On December 30, 2020, the court held a

2

hearing. The magistrate judge determines that while section 4241 does not require a psychiatric and/or psychological examination, once the predicate finding for the court's order of August 21, 2020, was made, a competency hearing was required. The magistrate judge, with the agreement of counsel, proceeded with the competency hearing for the purpose of issuing this report and recommendation on competency as well as, if competency was found, the underlying petition.

Counsel for Mr. Domangue asked him a series of questions, the answers to which as well as his tone, manner, and timing demonstrate to the magistrate judge that Mr. Domangue is not presently suffering from a mental disease or defect, rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Specifically, he understands the allegations in the petition, the role of his counsel, government counsel, and the court in addressing the petition and has been able to communicate with his counsel numerous times since his initial hearing. He further demonstrated that he meaningfully participated in communications that led to a proposed resolution of the petition. Finally, he testified that he has not consumed any substances that would prevent him from being able to understand the charges in the petition and that he is able to and wishes to move forward and address them. On the bases of the testimony given, as well as the magistrate judge's ability to observe Mr. Domangue's demeanor and affect during the hearing, she reports her finding that he is competent.

Following the determination of competence, the court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

3

1.      The court advised Mr. Domangue of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.

2.      A copy of the Petition had been provided to Mr. Domangue and his counsel, who informed the court they had reviewed the Petition and that Mr. Domangue understood the violations alleged.  Mr. Domangue waived further reading of the Petition.

3.      The court advised Mr. Domangue of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Domangue was advised of the rights he would have at a preliminary hearing.  Mr. Domangue waived his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

4.      The court advised Mr. Domangue of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5.      Mr. Domangue, by counsel, stipulated that he committed Violation Number 4 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 4 | **"You must refrain from any unlawful use of a controlled substance."** |
| | On May 6, 2020, Mr. Domangue admitted to sporadically using methamphetamine and marijuana. On May 21, 2020, the offender submitted a urinalysis which yielded positive for amphetamine. When confronted about the positive drug screen he admitted use of methamphetamine and marijuana prior to the test submission. |

6.      The Court placed Mr. Domangue under oath and directly inquired of Mr. Domangue whether he admitted violation 4 of his supervised release set forth above.  Mr. Domangue admitted the violation as set forth above.  The United States orally moved to withdraw the remaining violations without prejudice, and the Court granted that motion.

8.      The parties and the USPO further stipulated that:

   (a)     The highest grade of Violation (Violation 4) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b)     Mr. Domangue's criminal history category is I.

   (c)     The range of imprisonment applicable upon revocation of Mr. Domangue's supervised release, therefore, is 4 - 10 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

9.      The parties recommended revocation with a sentence of time served with twelve (12) months of supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JONATHAN DOMANGUE, violated the above-specified condition in the Petition and that his supervised release should be and therefore is **REVOKED,** and he is sentenced to time served with twelve (12) months of supervised release to follow.  In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    Justification: Conditions 1-13 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.

14. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

15. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

   Justification: Conditions 14-15 are recommended given the offender's history of substance abuse and his history of narcotics possession and distribution. This condition will assist in monitoring his sobriety and assist in provided substance abuse services if necessary.

16. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

   Justification: This condition is recommended given the offender's criminal history of narcotics possession and narcotics trafficking, as well as due to his history of substance abuse. This will assist in monitoring his compliance on supervision and add a measure of protection for the community.

17. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician.

   Justification: This condition is recommended given the offender's most recent history of mental health concerns such as erratic behavior and excessive paranoia, as well as admitted symptoms of depression and anxiety. Treatment and medication will not only provide the offender a better quality of life but will serve a a community protective measure.

Defendant Domangue reviewed the foregoing conditions and they were reviewed by defendant with his attorney.  Defendant, on the record, waived reading of the above-noted conditions of supervised release.  In addition to the above noted conditions, the court ordered the following condition, agreed to and proposed by the parties, on the record:

18. Should the defendant sustain a conviction under Hendricks County Cause Number 32C01-2007-F5-000076, it will not be considered a violation of his supervised release.

The Defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Domangue stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Domangue entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the Court adopt the above report and recommendation (1) finding that Mr. Domangue is competent, and (2) revoking Mr. Domangue's supervised release, imposing a sentence of time served with twelve (12) months of supervised release to follow.  The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 12/31/2020

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

8

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system